UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 8:10-CR-103-T-33AEP

ANDY BENES MALDONADO

_____/

**ORDER**

This matter comes before the Court pursuant to Defendant's pro se "Motion for the Reduction/Modification of Sentence Pursuant to the Fast Track Directive 18 U.S.C. § 3582(c)(2)," filed June 25, 2012. (Doc. # 327). The Government filed a Response in Opposition to Defendant's Motion on July 10, 2012. (Doc. # 331). For the reasons that follow, the Motion is denied.

I.  **Factual Background and Procedural History**

On September 7, 2010, Defendant pled guilty, without a plea agreement, to Counts Two, Eight, Ten and Eleven of the Superseding Indictment against him. (Doc. # 174). Count Two charged Defendant with conspiracy to distribute 50 grams or more of methamphetamine; Count Eight charged Defendant with possession with intent to distribute 50 grams or more of methamphetamine; Count Ten charged Defendant with illegal re-entry after deportation; and Count Eleven charged defendant

with being a felon in possession of a firearm. (Doc. # 128).

On May 24, 2011, this Court sentenced Defendant to 240 months imprisonment to be followed by a term of supervised release. (Doc. # 298). Because Defendant had a prior felony drug conviction, and notice of that prior felony drug conviction had been filed prior to Defendant's plea and sentence (Doc. # 172), Defendant faced a mandatory minimum term of 20 years imprisonment (240 months) for Counts Two and Eight of the Superseding Indictment, which involved more than 50 grams of methamphetamine. <u>See</u> 21 U.S.C. § 841(b)(1)(A)(viii) (imposing a mandatory minimum of 20 years imprisonment for cases involving 50 grams or more of methamphetamine where defendant has a prior drug felony conviction). At this juncture, Defendant seeks a sentence reduction.

**II. <u>Analysis</u>**

Title 18, United States Code, Section 3582(c)(2) allows for modification of a term of imprisonment in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered. Title 21, United States Code, Section 841(b)(1)(A)(viii) imposes a 20-year mandatory minimum sentence if any person commits a violation involving 50 grams

2

or more of methamphetamine after a prior conviction for a felony drug offense. There has been no statutory change that would reduce the mandatory minimum of 20 years that Defendant faced, and that he was sentenced to, in connection with the charges against him.

Defendant had a prior felony drug conviction and has committed a violation of 21 U.S.C. § 841. Thus, a reduction of his sentence is not authorized under 18 U.S.C. § 3582(c)(2).

Accordingly, it is

**ORDERED, ADJUDGED** and **DECREED:**

Defendant's Motion for Reduction of Sentence pursuant to the Fast Track Directive and 18 U.S.C. § 3582(c)(2) (Doc. # 327) is **DENIED.**

**DONE** and **ORDERED** in Chambers of Tampa, Florida, this 17th day of July, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

Federal Defender
United States Attorney's Office
United States Probation Office
Defendant