UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                Case No.: 8:10-cr-103-T-33AEP

ANDY BRENES MALDONADO

_____

**Order Reducing Defendant's Prison Term Under 18 U.S.C. § 3582(c)(2)
Based on USSG Amend. 782**

This matter comes before the Court upon the filing of Defendant's Motions for Sentence Reduction Based on Amendment 782. (Doc. ## 355, 373, 391). The United States Probation Office filed its Amended Amendment 782 Memorandum on August 3, 2016. (Doc. # 387). The August 3, 2016, Amended Amendment 782 Memorandum indicates that Defendant is eligible for a sentence reduction. (Id.). The Amended Amendment 782 Memorandum further indicates that Defendant received a 2-level reduction pursuant to Federal Rule of Criminal Procedure 35(b), and a comparable 2-level reduction would result in an offense level of 29 with a guideline range of 108 to 135 months. (Id.).

In addition, on August 30, 2016, counsel for the Defendant filed a notice indicating that neither the Defendant nor the Government objects to the Court reducing the Defendant's sentence. (Doc. # 391). Rather than merely carrying over the straight 2-level reduction however, defense counsel requests the Court reduce Defendant's sentence

by a comparable percentage reduction as authorized by USSG § 1B1.10(b)(2)(B), comment nn. 3-4. As correctly noted in Defendant's Motion, his amended sentence was 30 percent less than the original guideline range, thus a comparable 30 percent reduction would result in a sentence of 95 months. Notably, the Government does not oppose Defendant's requested reduction.

The Court agrees that Defendant is eligible for a reduction and, pursuant to its discretionary authority under 18 U.S.C. § 3582(c)(2) and USSG § 1B1.10, adopts the methodology used by defense counsel. Having reviewed the facts in both the original presentence investigation report and the August 3, 2016, amended memorandum from the United States Probation Office in light of the factors in 18 U.S.C. § 3553(a), the need to consider the nature and seriousness of any danger posed by a reduction, see USSG § 1B1.10, comment (n.1(B)(ii)), and the pending Motions, the Court finds that a reduction of 73 months is warranted. If circumstances warrant, the Court may revisit this matter.

Thus:

(1) The Court grants the Defendant's Motions for a sentence reduction (Doc. ## 355, 373, 391).

(2) The Court reduces the Defendant's prison term from 168 months to 95 months or time served, whichever is greater, as to counts two, eight, ten, and eleven.

(3)  Except as otherwise provided, all provisions of the Judgment dated September 10, 2012, shall remain in effect.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 31st day of August, 2016.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE